## William J. Campbell v. John Feyerabend.

1. FENCES—*Duty of Viewers in Deciding.*—The province of the fence viewers in deciding disputes in relation to division fences, is merely to ascertain and mark the just proportion of fence to be kept in repair by each owner, and they have no power to do anything more. Such ascertainment being had the law fixes the duty of the respective owners.

2. CONTRACTS—*Abandoned by Mutual Consent—Revival.*—A contract which has been abandoned by mutual consent can be revived only by mutual consent.

Memorandum.—Action originally begun in justice's court. Appeal from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding. Heard in this court at the November term, 1893, and affirmed. Opinion filed February 12, 1894.

The opinion states the case.

J. S. CARR, attorney for appellant.

O. B. HAMILTON, attorney for appellee.

MR. JUSTICE WALL DELIVERED THE OPINION OF THE COURT.

This suit was brought by appellee against appellant before a justice of the peace, to recover the cost of trimming a part of the division hedge fence between the adjoining lands of the parties under the provision of Sec. 3, Ch. 54, R. S.

The case was removed by appeal to the Circuit Court, where, a jury being waived, it was tried by the court, resulting in a judgment for the appellee.

The parties had each planted and grown seventy rods of hedge fence dividing their lands, and there is no dispute that they had each thus provided their just proportions of the division fence between them, so that under the statute above referred to, it was the duty of each to trim his fence. The defendant relied as a defense upon the ground, first, that some years before, he and the appellee had made a verbal agreement that each would trim on his side of the entire line of 140 rods, and that this agreement was carried out by both parties for several years. He insisted that he had

accordingly trimmed on his side of his part of the fence for the year in dispute, and that he was not bound to trim on the other side. Aside from the question as to whether the supposed agreement was intended to be continuous for all time, and whether, if so intended, it was valid and enforceable, this defense must fail, because there was evidence tending to show that the agreement had been abandoned by special understanding between the appellant and the tenant of appellee, to the effect that each man should take care of his own fence. The evidence on this point, though not wholly free from conflict, is sufficient to support the contention of appellee, and it may be presumed that the court was satisfied that the agreement was so abandoned by mutual consent.

A second ground of defense was that the matter had been submitted to fence viewers under the statute and that they had decided that each man should trim on his side of the entire line of the division fence. Without regard to an alleged irregularity in those proceedings, we are inclined to hold that the only question for the viewers to determine or that they could consider was what was the proper proportion of fence which each land owner was bound to trim and to distinctly mark and define the same.

Their province was merely to ascertain and mark the just proportion of fence to be trimmed by each, and they had no power to do anything more. Such ascertainment being had, the law fixed the duty of the respective land owners. Indeed, it would seem there was no occasion for the intervention of viewers at all, for there was no dispute "concerning the just proportion of fence to be made or maintained by either" of the land owners, but whether an old understanding which one of the parties insisted was no longer binding on him, if it had ever been, should be revived and enforced, and thus he should be compelled to act in a manner not intended by the statute. We are of opinion the court properly found the issues for the appellee and that the judgment should be affirmed.